UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
MELESIO ANTONIO, individually and on behalf  :
of all others similarly situated,                             :
                                          Plaintiff,          :        21 Civ. 1871 (LGS)
                                                              :
            -against-                                         :        ORDER
                                                              :
SIPSAK INC. (D/B/A SIP SAK) and MELISSA       :
YEGEN,                                                        :
                                          Defendants.   :
                                                              :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on October 29, 2021, the Clerk of Court entered Certificates of Default as to Defendants (Dkt. Nos. 46, 47).

    WHEREAS, on November 18, 2021, the matter was referred to Magistrate Judge Sarah L. Cave for an inquest on damages (Dkt. No. 57).

    WHEREAS, on July 28, 2022, Judge Cave issued a Report and Recommendation (the "Report") recommending that a default judgment be entered in Plaintiff's favor and that Plaintiff be awarded the following amount -- comprised of unpaid overtime wages, spread-of-hours wages, liquidated damages, prejudgment interest and statutory damages -- for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"):  $452,792.73. The Report also recommends an award of post-judgment interest, to be calculated using the federal rate set forth in 28 U.S.C. § 1961 from the date the Clerk of Court enters judgment in this action until the date of payment, and an award of Plaintiffs' attorneys' fees and costs in the amounts of $4,330.00 and $402.00, respectively.

    WHEREAS, the Report states that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written

objections," and "[a] party may respond to another party's objections within fourteen (14) days after being served with a copy." Pursuant to Federal Rule of Civil Procedure 6(d), those deadlines would be extended for three days if service were effected by one of the means listed in Rule 5(b)(2)(C), (D) or (F), including by mail to a party's last known address.

WHEREAS, Plaintiff's Certificate of Service at Dkt. No. 65, confirms the Defendants were served on September 6, 2022, by mail.

WHEREAS, no objections were timely filed, and Defendants did not appear at any point in the damages inquest proceedings.

WHEREAS, in reviewing a Report and Recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Flinton v. Saul*, No. 19 Civ. 2054, 2020 WL 5634321, at *1 (S.D.N.Y. Sept. 21, 2020) (quoting *Jones v. Berryhill*, No. 18 Civ. 11233, 2020 WL 1503507, at *1 (S.D.N.Y. Mar. 30, 2020)).

WHEREAS, the Court finds the Report to be thorough, well-reasoned, and not "clearly erroneous," with one small exception. It is hereby

**ORDERED** that the Report is **adopted in part** and **adopted as modified in part** as follows: Plaintiff's $59,803.73 award of prejudgment interest, for the period from the midpoint of his employment until his damages submission was filed on October 29, 2021, is modified to add an additional $17,234.51 per annum from October 29, 2021, until the date judgment is entered, to be calculated by the Clerk of Court. The amount $17,234.51 represents nine percent of the amount of Plaintiff's damages award for unpaid overtime and spread-of-hours wages

before adding liquidated damages.  *See* CPLR §§ 5001, 5004; *Reyes v. Cafe Cousina Rest. Inc.*, No. 18 Civ. 1873, 2019 WL 5722475, at *13 (S.D.N.Y. Aug. 27, 2019), *report and recommendation adopted*, 2019 WL 5722109 (S.D.N.Y. Oct. 7, 2019) (adding prejudgment interest from the date of the damages submission until judgment is entered); *see Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195, 2012 WL 1669341, at *11 (S.D.N.Y. May 14, 2012) (calculating interest on only compensatory damages, not liquidated damages).  It is further

**ORDERED** that Plaintiff Antonio is awarded $452,792.73, plus $17,234.51 per annum in pre-judgment interest from October 29, 2021, until the date of judgment.  Plaintiff Antonio is awarded post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action, using the federal rate set forth in 28 U.S.C. § 1961.  Plaintiff is awarded attorneys' fees and costs in the amounts of $4,330.00 and $402.00, respectively.  It is further

**ORDERED** that Default Judgment against Defendants is entered. The Clerk of Court is respectfully directed to enter judgment and close this case.

Dated: October 3, 2022
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**